IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENDALL WATKINS, | : | |
|     Plaintiff | : | No. 1:14-cv-01255 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| OFFICER HESS, et al., | : | (Magistrate Judge Mehalchick) |
|     Defendants | : | |
| | : | |
| | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

    Plaintiff Kendall Watkins, currently incarcerated at Federal Correctional Institution - Allenwood, initiated the above-captioned action alleging violations of his constitutional rights at the hand of employees of Federal Correctional Institution - Lewisburg, on March 4, 2014. (Doc. Nos. 1 at 1, 5; 22 at 1.) On December 8, 2014, Plaintiff filed a motion to stay these proceedings until he had exhausted his administrative remedies within the corrections system as required by the Prison Litigation Reform Act ("PLRA"). (Doc. No. 21.) On January 20, 2015, Magistrate Judge Mehalchick issued a Report and Recommendation, in which she recommends that the Court dismiss Plaintiff's complaint without prejudice, because the PLRA requires exhaustion of administrative remedies prior to the filing of suit. (Doc. No. 22 at 2-3) (citing Ahmed v. Dragovich, 297 F.3d 201, 209 n.9 (3d Cir. 2002)). In addition, Magistrate Judge Mehalchick recommends denying Plaintiff's motion to stay as moot. (Doc. No. 22 at 3.)

    Plaintiff did not file objections to Magistrate Judge Mehalchick's Report and Recommendation, but he did file a motion to amend his complaint on February 6, 2015, urging the Court to permit amendment to allow Plaintiff to supplement and clarify his claims. (Doc.

1

No. 24.)  In his proposed amended complaint, Plaintiff avers that he "made a reasonable effort and was prevented by prison officials . . . when the administrative remedy BP-8 attached with BP-9 [were] not returned timely (at all) to continue until exhaustion."  (Doc. No. 24-2 ¶ 7) (ellipsis and parenthesis in original).  That is the extent of his grievance pleadings, and he has not attached his grievance forms, executed or otherwise.

The Court will adopt Magistrate Judge Mehalchick's Report and Recommendation and dismiss Plaintiff's complaint without prejudice.  The United States Court of Appeals for the Third Circuit has clearly mandated that a prisoner must exhaust administrative remedies prior to initiating suit.  Nyhuis v. Reno, 204 F.3d 65, 78 (3d Cir. 2000) (". . . no action shall be brought in federal court until such administrative remedies as are available have been exhausted."); see also, Ahmed, 297 F.3d at 209 n.9.  Further, while the Third Circuit counseled in Ray v. Kertes, 285 F.3d 287 (3d Cir 2002), that "failure to exhaust is an affirmative defense to be pleaded by the defendant," sua sponte dismissals for failure to exhaust are still appropriate where a plaintiff's failure is "apparent from the face of the complaint."  Id. at 295, 297.  Subsequent courts interpreting Ray have held that where failure to exhaust is plain on the complaint alone, sua sponte dismissal remains appropriate.  See e.g., Oleson v. Bureau of Prisons, 411 F. App'x 446, 447 (3d Cir. 2011) ("In some limited circumstances, it may be appropriate for the District Court to sua sponte dismiss a complaint for failure to exhaust, such as when the plaintiff expressly concedes that he or she has failed to exhaust a claim."); see also Brown v. Croak, 312 F.3d 109, 111 n.1 (3d Cir. 2002) ("[The] suggestion that it may always be improper to dismiss for failure to exhaust remedies at the pleadings stage is without merit.").  In the present case, as Magistrate Judge Mehalchick observed, Plaintiff, made such an admission when he requested a

stay of his federal case pending exhaustion of his administrative remedies.  (Doc. No. 22 at 2) ("Watkins filed a motion to stay the case until such time as he is able to exhaust his administrative remedies.").

Plaintiff has not objected to the Report and Recommendations, but he did file a motion to amend his complaint.  (Doc. No. 24).  He did file a motion to amend his complaint, but even Plaintiff's renewed allegations regarding exhaustion are equally unavailing, because the Court need not credit threadbare conclusions of law in a pleading, but instead accepts only well pleaded factual allegations.  See Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009).  Regarding exhaustion, Plaintiff's proposed amended complaint states only that "Petitioner made a reasonable effort and was prevented by prison officials . . . when the administrative remedy BP-8 attached with BP-9 where [sic] not returned timely (at all) to continue until exhaustion."  (Doc. No. 24-2 ¶ 7) (ellipsis and parenthesis in original).  Without more factual allegations under circumstances where Plaintiff has conceded a failure to exhaust his administrative remedies, his complaint cannot proceed as it exists or in its proposed amended form..

Accordingly, the Court will adopt Magistrate Judge Mehalchick's Report and Recommendation and dismiss Plaintiff's complaint.  Plaintiff will be granted leave to re-file his complaint, this time with factual allegations and perhaps attachments demonstrating that he has exhausted his administrative remedies.  In the alternative, Plaintiff may succeed by pleading sufficient factual allegations to allege that his administrative remedies were not available to him due to the actions of prison officials or due to other circumstances.  In light of the dismissal, Plaintiff's pending motions to stay proceedings and to amend his complaint will be denied as moot.

**ACCORDINGLY**, on this 25th day of June, 2015, **IT IS HEREBY ORDERED THAT**:

1. Magistrate Judge Mehalchick's Report and Recommendation (Doc. No. 22) is **ADOPTED**;

2. Plaintiff's motion to stay (Doc. Nos. 21) is **DENIED AS MOOT**,

3. Plaintiff's motion to amend (Doc. No. 24) is **DENIED**,

3. Plaintiff's complaint (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE**; and,

4. Plaintiff is granted leave to re-file his complaint to demonstrate exhaustion of his administrative remedies within 30 days of this order.

S/ Yvette Kane  
Yvette Kane, District Judge  
United States District Court  
Middle District of Pennsylvania